IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SCLG LLC and LARRY E. EALY,** : | |
| : | |
| Petitioners, : | |
| : | CIVIL NO. 5:15-CV-0204-MTT |
| VS. : | |
| : | |
| **RICHARD K. JONES,** : | |
| : | |
| Respondent. : | |

## ORDER

Petitioners SCLG, L.L.C. and Larry E. Ealy have filed an application for habeas corpus relief "on behalf of" Lance Ealy, a prisoner convicted in the United States District Court for Southern District of Ohio.  *See U.S. v. Ealy*, 3:13-cr-00175-MRB-1, ECF No. 165 (S.D. Ohio Nov. 19, 2014).  The pleading filed by Petitioners, however, was neither drafted nor signed by the prisoner.

To litigate an action on another's behalf, Petitioners must provide an adequate explanation as to why "the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability."  *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990).  Here, it is unclear whether Lance Ealy is even aware that this action has been filed, and the Petition does not include any explanation as to why the prisoner is unable prosecute the action on his own behalf.  Petitioners thus have

not established "next friend" standing to bring this action.[1]  *See id; Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622-23 (11th Cir. 2007); *Newball-Archbold v. United States,* 8:09-cr-409, 2013 WL 1629296, at *1 (M.D. Fla. Apr. 16, 2013).

Furthermore, even if Petitioners could establish standing to bring the present suit on behalf of Lance Ealy, venue is not proper in this Court.  *See* 28 U.S.C. § 2255(a). Because Plaintiff was convicted in federal court, any motion for habeas relief must be directed to the court in which he was convicted. *Id.*   Again, Lance Ealy was convicted in the Southern District of Ohio.

The present application for federal habeas corpus relief is accordingly **DISMISSED** without prejudice.   If he so chooses, however, Lance Ealy may file an appropriate motion or petition for habeas relief, on his own behalf, in his federal criminal case: *U.S. v. Ealy*, 3:13-cr-00175-MRB-1 (S.D. Ohio).

**SO ORDERED**, this 11th day of June, 2015.

                                             S/ Marc T. Treadwell
                                             MARC T. TREADWELL
                                             UNITED STATES DISTRICT COURT

---

[1] The Court also notes that Petitioners SCLG and Larry E. Ealy have filed another action in this Court on the behalf of Helene Green. *See SCLG LLC v. Davis*, 5:15-cv-173-MTT.   Petitioners are advised that, although a prisoner may seek legal assistance from others, non-attorneys may not practice law in this Court.   *See* M.D. Ga. Loc. R. 83.1.1; 28 U.S.C.A. § 1654. *See also*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998).   The fact that Petitioners describe themselves as a "Special Legality Group" in this case suggests that Petitioners may be holding themselves out as a person or entity entitled to practice law in this State and/or render legal services or advice.   If true, Petitioners could be held in contempt of court and subject to criminal prosecution. *See* O.C.G.A. § 15–19–51.