IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SCLG LLC and LARRY EALY, | : | |
| | : | |
| Petitioners, | : | |
| | : | CIVIL NO. 5:15-CV-0204-MTT |
| VS. | : | |
| | : | |
| RICHARD K. JONES, | : | |
| | : | |
| Respondent. | : | |

## ORDER

Currently before the Court is Petitioner Larry Ealy's post-judgment "Motion for Rehearing" and "Disqualification of the Judge" (Doc. 5), which the Court liberally construes to be a Rule 60 motion for relief from judgment, *see* Fed. R. Civ. P. 60(b), and also possibly a separate motion for disqualification under 28 U.S.C. § 455.

### I.      Motion for Rehearing

Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" if the party can show (1) a "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence . . ."; (3) "fraud . . ., misrepresentation, or misconduct by an opposing party"; (4) that "the judgment is void"; (5) that "the judgment has been satisfied, released or discharged . . ."; or (6) "any other reason that justifies relief." *Id.*  Because Petitioner's Motion does not argue the existence of any mistake, newly discovered evidence, misconduct by the opposing party or void judgment, the Court presumes Petitioner believes that there are extraordinary circumstances to justify a

reopening of the case under Rule 60(b)(6).  *See Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) ("The vacation of a judgment under Rule 60(b)(6) is an extraordinary remedy.") (citing *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir.1987)).

In this case, Petitioners SCLG, L.L.C. and Larry Ealy filed an application for habeas corpus relief "on behalf of" *Lance* Ealy, a prisoner convicted in the United States District Court for Southern District of Ohio.  After conducting a preliminary review of the application, this Court determined that Petitioners had not established standing to litigate this action on behalf of Lance Ealy.  Though both shared the same last name, there was nothing in the application to suggest that Lance Ealy was unable to litigate his own cause. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). Furthermore, the Court found that, even if Petitioners could establish standing to bring the present suit on behalf of Lance Ealy, venue was not proper in this Court.  *See* 28 U.S.C. § 2255(a).  Because Lance Ealy was convicted in federal court, any motion for habeas relief must be directed to the court in which he was convicted, the Southern District of Ohio.  The application was thus dismissed without prejudice to Lance Ealy's right to file an appropriate motion or petition for habeas relief, on his own behalf, in his federal criminal case: *U.S. v. Ealy*, 3:13-cr-00175-MRB-1 (S.D. Ohio).  In a footnote, the Court additionally warned Petitioners – after noting that they had filed a similar habeas action in this Court on behalf of Helen Greene, *see SCLG, LLC v. Green*, 5:15-cv-173, ECF No. 1 (M.D.Ga. May 15, 2015, – that the unauthorized practice of law could lead to civil and criminal sanctions.[1]

---

[1] The footnote specifically stated, "The Court also notes that Petitioners SCLG and Larry E. Ealy have filed another action in this Court on the behalf of Helene Green. *See SCLG*

Petitioner Larry Ealy has now filed the present motion seeking relief from the dismissal and judgment.   He believes the Court erred by suggesting that he was involved in the *"unauthorized practice of law after forming its opinion from another record not involving this matter."*   From this, the Court presumes that Petitioner may object to the footnote reference to his other case pending in this Court.   The mention of the other case was not error, however:   "A court may take judicial notice of its own records and the records of inferior courts."   *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).   More importantly, the Court's apparently unheeded warning was not the basis for dismissal.   The petition was dismissed for lack of standing and venue.

According to his Motion, Petitioner also appears to believe that the Court erroneously relied on extrajudicial knowledge of Petitioner's recent arrest and a criminal investigation into his unauthorized practice of law when dismissing his application.   His motion includes a copy of a June 3, 2015, press release from Sheriff David Davis (Doc. 5-1), stating that Larry Ealy had been arrested for "unauthorized practice of law."   Mr. Ealy was apparently accused of "presenting and/or identifying himself as an attorney in the Bibb County Superior Court Clerk's Office and the U.S. Federal Court Clerk's Office" on or about May 1, 2015. *Id.*   The release further states that Mr. Ealy

---

*LLC v. Davis*, 5:15-cv-173-MTT. Petitioners are advised that, although a prisoner may seek legal assistance from others, non-attorneys may not practice law in this Court. *See* M.D. Ga. Loc. R. 83.1.1; 28 U.S.C.A. § 1654. *See also, Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998). The fact that Petitioners describe themselves as a "Special Legality Group" in this case suggests that Petitioners may be holding themselves out as a person or entity entitled to practice law in this State and/or render legal services or advice. If true, Petitioners could be held in contempt of court and subject to criminal prosecution. *See* O.C.G.A. § 15–19–51." *See* Order (Doc. 3) at 2.

(1) Filed and/or assisted in filing numerous court documents, to include: civil
suit(s); writs; motions; etc. on behalf of [others ;]

(2) Identified himself as an attorney representing [others] in this
investigation and/or has provided them counsel in the presence of the
Clerk's Office[; and]

(3)  . . .  [I]s not a duly licensed attorney in the State of [Georgia].

*Id.*

Whether Mr. Ealy engaged in the unauthorized practice of law clearly was not a
factor in the dismissal of the Petition.   Again, the Petition was properly dismissed for lack
of standing and venue.

Therefore, after having fully considered Petitioners' "Motion for Rehearing," the
Court finds that Mr. Ealy has failed to identify any valid basis for reopening this case under
Rule 60(b).   His Motion for Rehearing is accordingly **DENIED**.

## II.     Motion for Disqualification

Petitioner also apparently moves for disqualification of the judge under 28 U.S.C. §
455. (*See* Doc 5 at 3.)     Petitioner either (1) believes that the undersigned erred by failing
to recuse himself from the case under § 455 before entering the dismissal order because of
his suspected knowledge of Petitioner's arrest; or (2) seeks to have the undersigned now
recuse himself from ruling on the present motion for the same reason.   The first argument
is of course the same as the one addressed under Rule 60.   In an abundance of caution,
however, the Court will reconsider the argument in light of § 455.[2]

---

[2] "Although § 455 does not speak to vacating a judgment, Rule 60(b)(6), in conjunction
with § 455, does provide "a procedure whereby, in appropriate cases, a party may be
relieved of a final judgment." *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d
1404, 1408 (5th Cir. 1994) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S.
847, 863 (1988)).

The standard for recusal under § 455 is "whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). "[A]n allegation of bias sufficient to require disqualification must demonstrate that the bias is personal," "stemmed from an extrajudicial source" and "result[ed] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986).

Here, Petitioner's unsupported suspicions and self-serving allegations would not cause an objective observer to question the Court's impartiality in this case. There is no evidence that the Court had extrajudicial knowledge of any fact affecting the outcome of this case or that the dismissal was based on anything other than what the Court learned from its preliminary review of Petitioner's application. Also, the "extrajudicial" knowledge about which the Petitioner complains—that Larry Ealy may have engaged in the unauthorized practice of law—is knowledge readily apparent from the Petition. Larry Ealy filed in his name and on behalf of "SGLG-LLC" a lawsuit seeking relief for Lance Ealy. Finally, once again, whether Larry Ealy has engaged in the unauthorized practice of law had no bearing on the issues at hand. Petitioners' application was properly dismissed for lack of standing and venue. Either cause standing alone was sufficient to support the dismissal. The Motion for Disqualification is thus also **DENIED**.

-6-

## III.    Conclusion

Petitioners' post-judgment "Motion for Rehearing" and "Disqualification of the Judge" (Doc. 5) is **DENIED**.

**SO ORDERED**, this 28th day of July, 2015.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL
UNITED STATES DISTRICT COURT